**INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION NO. 564**

v.

**The DOW CHEMICAL COMPANY, TEXAS DIVISION and Charles Goff, Jr.**

**Civ. A. No. 71–H–1472.**

United States District Court,
S. D. Texas,
Houston Division.

Sept. 15, 1972.

Ira D. Watrous, Bray, Ashley, Shaver, Sherbert & Watrous, Houston, Tex., for plaintiff.

Richard R. Brann, Baker & Botts, Houston, Tex., for defendants.

*Memorandum and Order:*

SINGLETON, District Judge.

This is a suit brought under Section 301 of the Labor Management Relations Act (29 U.S.C. § 185) by plaintiff Union alleging that Defendant Dow Chemical Company has violated the terms of its collective bargaining agreement, as amended. The alleged violation is that Defendant has failed to comply with the terms of the contract and attendant settlement agreement concerning lunch periods for certain employees represented by plaintiff. Defendant has moved this court to dismiss on the grounds that the Union should first use the arbitration procedures outlined in the collective bargaining agreement before filing suit in federal court. The collective bargaining agreement contains a detailed procedure for settling disputes. It provides a four-step grievance procedure for arbitration should the grievance procedure prove ineffective.

The gravamen here is a dispute over lunch time. On April 29, 1971, Mr. R. R. Jones, Department Steward for plaintiff Union, filed a written grievance pursuant to Article XX, Step 3, of the labor contract claiming that the company had violated the provisions of the contract concerning thirty-minute lunch

periods for employees classified as Mason Tenders. This grievance was processed through several steps of the grievance procedure and was ultimately settled on the basis of a written agreement dated July 30, 1971, signed by representatives of all parties before the dispute reached the final arbitration stage. The settlement reads as follows:

"A day worker will normally be required to work until 11:30 a.m. He may remain at his lunch site until 12:00 noon.

"When observance of this rule would create an undue hardship on the employee, he should bring it to the attention of his supervisor for consideration."

In spite of this settlement agreement, controversy over lunch breaks again arose. The Union asserts that the company is clearly violating the terms of the settlement, while the company characterizes the dispute as one over the term "lunch site" in the settlement. The Union instead of submitting the dispute over the settlement to the grievance and arbitration procedure brings suit in federal court for injunctive relief and damages due to the company's alleged failure to abide by the agreement.

■ This court grants defendant Dow Chemical Company's motion to dismiss. The Supreme Court has made it clear that when the collective bargaining agreement contains an arbitration procedure and the arbitration procedure covers the question in dispute, a federal court has no jurisdiction under § 301 unless the arbitration procedure has first been utilized. United Steelworkers v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). The court's function is to determine if it is an arbitrable dispute—if it is, and if the arbitration procedure has not been followed, the court must dismiss for lack of jurisdiction.

The collective bargaining agreement between Dow Chemical Company and the Union clearly provides for arbitration.

"It is further agreed that if the Plant Management and the Plant Union Committee cannot mutually settle any *controversies, differences, or disputes* that arise regarding discharges or dismissals of non-probationary employees, *or interpretations of this agreement*, the Company and the Union, upon request of the Union to arbitrate such *controversies, differences, or disputes*, shall meet within 14 calendar days and name two representatives each as arbitrators and, within five days after the appointment of said four arbitrators, an attempt shall be made mutually to settle such *controversies, differences, or disputes* by the four named arbitrators." (Emphasis added.)

■ Surely this is a "controversy, difference or dispute" concerning "the interpretation of this agreement" and, therefore, arbitrable. In Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965), the Supreme Court reaffirmed the value of using the arbitration procedures available (in holding that an individual employee must use the grievance procedure):

" . . . Congress has expressly approved contract grievance procedures as a preferred method for settling disputes and stabilizing the 'common law' of the plant. LMRA § 203(d), 29 USC § 173(d); § 201(c), 29 USC § 171(c) (1958 ed.) . . . .

"A contrary rule which would permit an individual employee to completely sidestep available grievance procedures in favor of a lawsuit has little to commend it. In addition to cutting across the interests already mentioned, it would deprive employer and union of the ability to establish a uniform and exclusive method for orderly settlement of employee grievances. If a grievance procedure cannot be made exclusive, it loses much of its desirability as a method of settlement. A rule creating such a situation 'would inevitably exert a disrup-

tive influence upon both the negotiation and administration of collective agreements.' Local 174, Teamsters etc. [Chauffeurs, Warehousemen & Helpers of America] v. Lucas-Flour Co. 369 U.S. 95, 103, 82 S.Ct. 571, 577, 7 L.Ed.2d 593 [599]."

As the Fifth Circuit emphasized in Haynes v. United States Pipe & Foundry Company, 362 F.2d 414 (1960):

> "Congress explicitly stated, by way of a policy, in § 203(d) of the Taft-Hartley Act, 29 U.S.C.A. § 173(d), that in settling grievance disputes, the Act contemplated that the method agreed upon by parties to collective bargaining agreements should be the means of settling such disputes. In suits under § 301(a), the Supreme Court construed this policy as requiring the courts to give full play to the means chosen by parties to a collective bargaining agreement for settlement of their differences. United Steelworkers v. American Mfg. Co., 1960, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; * * *

> "The court has opened the doors of the courthouse only when the parties have chosen this forum over the others. * * *

> "The common theme of these cases is that when a dispute arises within the scope of a collective bargaining agreement, the parties are relegated to the remedies which they provided in their agreement."

In Koven & Bro., Inc. v. Local Union No. 5767, United Steelworkers, 381 F.2d 196 (3rd Cir. 1967) that court considered the effect of a settlement release on the parties' obligation to submit a dispute to the grievance and arbitration procedure. In *Koven*, the labor agreement contained a grievance procedure applicable to "any difference . . . as to the meaning, compliance with, or application of the provisions" of this agreement. The union filed a grievance alleging violation of the contract with respect to vacation benefits. The employer filed suit in federal court for a declaratory judgment that the claims underlying the grievance had been discharged by operation of law because the union and company had previously signed a "Stipulation of Settlement" resolving certain claims which the union had raised in a bankruptcy proceeding. In exchange for the Stipulation of Settlement, the union had given Koven and its receiver a general release. Among the issues before the Third Circuit was the effect of the settlement and release on the union's claim for vacation benefits and more importantly the proper forum—the arbitrator or the court—to decide this effect.

Holding that this issue was properly one for an arbitrator, not the courts, the Court made the following pertinent comments:

> " . . . *The National Labor Relations Act's preference for arbitration, as interpreted by the Supreme Court, confines the function of a court to 'ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract.'* 'The question is not whether in the mind of the court there is any equity in the claim.' This function is further conditioned by a strong presumption in favor of arbitrability, which requires arbitration 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. *Doubts* should be resolved in favor of coverage.' "

> \* \* \* \* \* \*

> "What remains in this case is the question of whether the effect of the release executed between an employer and a union regarding a claim governed by a collective bargaining agreement is ordinarily a matter for consideration by an arbitrator. There is scant authority on this point, *but those cases touching upon this or related questions appear to view the arbitrability of release and settlement questions as obvious.* While interpreting the language of the release is

not, strictly speaking, a matter of interpreting the collective bargaining contract, the process would also involve an examination of the negotiations and other events regarding the grievance which preceded the execution of the release. *This is a matter within the arbitrator's submission and to which he is expertly atuned.* We thus believe that unless a release explicitly discharges the parties from the collective bargaining agreement itself, or from the arbitration provisions thereof, that its effect should be determined by an arbitral forum.

"In holding that the release should be passed upon by the arbitrator, we make no comment on the merits of the issue; the arbitrator may well decide as did the District Court below that the Union completely discharged Koven. We are merely remitting the parties to the forum they agreed to use for the processing of claims under the Agreement." (Emphasis added).

■■ The Union does not really contest that the settlement is incorporated into the collective bargaining agreement and is, therefore, arbitrable. But it contends that since it once used the grievance procedure to reach the settlement, it should not have to reuse it again. This argument is specious. The Union is correct that once a dispute has been fully arbitrated the Union can go into court to enforce the arbitration award. General Drivers, Warehousemen & Helpers, Local Union v. Riss & Co., 372 U.S. 517, 83 S.Ct. 789, 9 L.Ed.2d 918 (1963). But here the final step contemplated on the machinery set up in the collective bargaining agreement to settle disputes, arbitration, was not used. Hence, this court should not consider the merits to decide whether the Union is correct in its assertion that the company has breached the settlement provisions because this dispute over the settlement provisions is in itself arbitrable by the terms of the collective bargaining agreement. If this dispute is arbitrated and one side wishes to enforce the arbitration award, this court has jurisdiction under 301, but this stage has not been reached here. Accordingly, this case must be dismissed for lack of jurisdiction.