608

LODGE 862, INTERNATIONAL ASSOCI-
ATION OF MACHINISTS & AERO-
SPACE WORKERS, AFL–CIO, and Leo
Weig, Plaintiffs,

v.

SAFEGUARD POWERTECH SYSTEMS,
a DIVISION OF SAFEGUARD–SCIEN-
TIFICS, INC., Defendant.

Civ. No. 85–1031.

United States District Court,
D. South Dakota, N.D.

Dec. 19, 1985.

Daniel R. Moen, McNeary & Moen Law Offices, Aberdeen, S.D., for plaintiffs.

Dennis Maloney, Maloney, Kolker & Fritz Law Offices, Aberdeen, S.D., for defendant.

MEMORANDUM OPINION

DONALD J. PORTER, Chief Judge.

## I.  BACKGROUND

Plaintiff brought the present action in the Fifth Judicial Circuit of the State of South Dakota to enforce arbitration under a collective bargaining agreement. The action was removed to federal court pursuant to 28 U.S.C. § 1441(b). Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), confers federal jurisdiction in suits for violation of collective bargaining agreements. Although the complaint was stylized in common law terms, the mere omission of reference to § 301 of the Act does not preclude federal subject matter jurisdiction. *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1212 (9th Cir.1980) (per curiam). A federal district court has jurisdiction to consider whether a collective bargaining agreement contains terms which bind a union and employer to arbitrate their disputes. *Nashville Newspaper Printing Pressmen's Union v. Newspaper Printing Corp.,* 399 F.Supp. 593, 600 (M.D.Tenn.1974), *aff'd,* 518 F.2d 351 (6th Cir.1975).

This case comes before the Court on stipulated facts. In June of 1983 the Union and defendant entered into an integrated Collective Bargaining Agreement concerning the subjects of wages, working conditions and grievance procedures to be followed by the parties. On October 26, 1983 the Union filed Grievance # 125 with de-

fendant, alleging violations of Article XXIII (Jobs, Promotions and Transfers) and Article XXXVI (Management Prerogatives). The substance of Grievance # 125 was an allegation that a certain machine group was incorrectly paid according to the type of operation performed. In response to this grievance, the company alleged that "machine groups as a concept together with appropriate rate of pay was negotiated and agreed to" in the Collective Bargaining Agreement. By letter on March 14, 1984, the Union withdraw its request for arbitration on the grievance, stating that withdrawal would "not constitute a precedent for any future grievances that may arise on the same subject."

On April 4, 1984 an employee, Leo Weig, and the Union filed Grievance # 133 alleging violations of Article XXIII (Jobs, Promotions and Transfers) and Article XXVII (Complete Agreement). The substance of this grievance involved a similar allegation that the operation of certain machinery was being incorrectly paid. In declining remedy of Grievance # 133 on grounds identical to Grievance # 125, defendant contended that the Union's prior withdrawal of the previous grievance constituted acceptance of defendant's position. On May 10, 1984 the Union requested arbitration of Grievance # 133 pursuant to Article XXVI (Arbitration). Defendant has refused.

The issue in this case is the procedural significance of the Union's withdrawal of Grievance # 125. Although defendant concedes that potentially any subject under the contract would be subject to the grievance and arbitration procedures, it alleges there is no provision compelling arbitration when the parties have reached an agreement prior to arbitration. Defendant maintains that since both grievances involved the same issue, it should not be required to relitigate the matter. Plaintiff argues, however, that the preclusive effect of the withdrawal on arbitration is itself a question for arbitration and should not be determined unilaterally by defendant. This Court agrees.

1. By stipulation, the parties agreed that the Union has fully complied with all procedural pre-

## II. DISCUSSION

Because of the strong policy favoring settlement of labor disputes by arbitration, the Supreme Court has indicated that the function of a court is limited:

> [T]he judicial inquiry under § 301 must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance or did agree to give the arbitrator power to make the award he made. An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

*United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960). Since arbitration is a matter of contract, a court must determine whether the parties have contractually agreed to submit the subject matter of a dispute to arbitration. *Automotive, Petroleum & Allied Industries Employees Union v. Town & Country Ford, Inc.*, 709 F.2d 509, 514 (8th Cir. 1983).

Article XXV (Grievance Procedure) of the Collective Bargaining Agreement defines the term "grievance" as "any dispute between the respective Companies and the Union ... concerning the interpretation, application, claim, affect [sic] or breach or violation of this agreement." If the grievance cannot be resolved according to the delineated procedures "then the respective Companies or the Union has the right and authority to submit each grievance to arbitration."

Article XXVI (Arbitration) provides a procedure governing arbitration once a party submits a grievance or dispute to arbitration. Like Article XXV on Grievance Procedure, Article XXVI apparently contains no substantive limitation on the exercise of the dispute resolution procedures.[1]

requisites to arbitration.

**610**

Because the specific issue of whether certain machine groups were negotiated under the present Collective Bargaining Agreement is arguably a dispute concerning the application or interpretation of that Agreement, the issue is clearly one the parties are bound to submit to the grievance and arbitration procedures. This the defendant does not dispute, but instead submits that it has no duty to arbitrate since the controversy in Grievance # 133 was settled by the withdrawal of Grievance # 125. It contends that the Union's withdrawal of Grievance # 125 operates to estop the Union from proceeding on the same or similar grievance.

Initially it is important to note that there are two methods of nonjudicial dispute resolution under a collective bargaining agreement—arbitration and private settlement. "Parties who reach a settlement pursuant to a formal grievance procedure have not bargained for an arbitrator's construction of the collective bargaining agreement: they have bargained for their own construction." *Bakers Union Factory No. 326 v. ITT Continental Baking Co., Inc.,* 749 F.2d 350, 354 (6th Cir.1984). In *Bakers Union,* the court determined that an arbitrator had no authority to reinstate an employee who was dismissed pursuant to the terms of a prior written settlement agreement which was entered into by the parties pursuant to the grievance procedures of the collective bargaining agreement. Similar to the Agreement in the present case,[2] the dispute resolution procedure in *Bakers Union* provided for arbitration only for disputes that could not be settled in accordance with the Grievance Procedure. 749 F.2d at 356. The present case is factually distinguishable, however, since an express written settlement was not agreed to by the parties on the issue submitted for resolution. Here the center of dispute between the parties is the existence of a settlement itself. Since "settlement" is not defined in the Agreement for purposes of determining

when arbitration is proper, the dispute resolution procedures of the contract must be interpreted to determine whether the withdrawal of a grievance prior to arbitration is intended to preclude later arbitration of that issue.

An examination of case law suggests that the procedural significance of withdrawal of Grievance # 125 is a question for the arbitrator and not the court to decide. In *Little Six Corp. v. United Mine Workers of America,* 701 F.2d 26, 29 (4th Cir. 1983), the court rejected the argument that a prior arbitration award precluded rearbitration of the grievance, holding that the question of the preclusive effect of the prior arbitration award was itself a question for arbitration. Likewise, in *Local 103, Int'l Union of Elec., Radio and Mach. Workers v. RCA Corporation,* 516 F.2d 1336, 1339 (3d Cir.1975), the Court determined that it is not the function of a court to decide "whether the 'same question or issue' had been the subject of arbitration within the meaning of the collective bargaining agreement."

Courts have seen no reason to deviate from this policy when the issue is the preclusive effect of a prior withdrawal of a grievance on arbitration instead of the preclusive effect of a prior award. See *Bedford Printing Specialties and Paper Products Union No. 716 v. Standard Register Co.,* 387 F.Supp. 1249, 1252 (M.D. Pa.1974) (whether or not the withdrawal of a previous grievance bars subsequent submission to arbitration is a question of construction for the arbitrator); *Office and Professional Employees International Union v. Allied Industrial Workers International Union,* 397 F.Supp. 688, 692 (E.D.Wis.1975), *aff'd,* 535 F.2d 1257 (7th Cir.1976) (union's denial that a settlement had been reached constituted a dispute over the interpretation of the collective bargaining agreement and was therefore a question subject to arbitration).

**2.** Article XXV of the present Agreement sets out the grievance procedure according to progressive steps. Step 2 provides that a grievance will progress to Step 3 and finally to arbitration "[i]f

no satisfactory settlement can be reached." For purposes of discussion this language is interpreted as a condition precedent to arbitration under the Collective Bargaining Agreement.

Because the significance of withdrawal of Grievance #125 is a question involving the interpretation of the dispute resolution procedures of the Agreement, it is not a question for this Court. Under a collective bargaining agreement "[i]t is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *United Steelworkers of America v. Enterprise Wheel to Car Corp.*, 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424 (1960).

Accordingly, plaintiff is entitled to submit the issue of whether the withdrawal of Grievance #125 constituted a settlement as to preclude arbitration. If the union action in withdrawing the grievance is not found to be preclusive of arbitrating Grievance #133, the plaintiff will then be entitled to a determination on the substantive merits of the grievance.

This opinion constitutes the findings of fact and conclusions of law of this Court.