UNITED FOOD & COMMERCIAL WORKERS UNION, LOCAL 1529, AFL–CIO–CLC, Plaintiff,

v.

DELTA CATFISH PROCESSORS, INC., Defendant.

No. GC89–342–S–O.

United States District Court,
N.D. Mississippi,
Greenville Division.

July 23, 1991.

Roger K. Doolittle, Jackson, Miss., Deborah Godwin, Memphis, Tenn., for plaintiff.

Walter W. Christy, New Orleans, La., for defendant.

## OPINION

SENTER, Chief Judge.

In this labor/management dispute, a cause of action is alleged by plaintiff United Food & Commercial Workers, Local 1529 (UFCW) under 29 U.S.C. § 185.[1]

---

1. Subpart (a) provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in

UFCW seeks to compel arbitration of a grievance filed on behalf of an employee discharged by defendant Delta Catfish Processors, Inc. (Delta). This matter is before the court on UFCW's motion for summary judgment.

## FACTUAL BACKGROUND

On June 29, 1987, Delta and UFCW entered into a collective bargaining agreement which states in its preamble that "[i]t is the intent and purpose of the employer and the union to set forth ... the complete terms of their understanding and agreement covering wages, hours and conditions of employment...." On March 2, 1989, during the effective period of this document, Michael Cole was discharged apparently for "being unsafe to other employees and damaging company property" while operating a forklift. Five days later, a formal grievance was filed protesting the termination. Within a month, arbitration was requested by UFCW and the Federal Mediation and Conciliation Service was asked to provide a panel. Through counsel, Delta rejected the proffered panel and requested another.

Meanwhile, Delta's corporate director of personnel and UFCW's representative were discussing settlement. It is these conversations which form the basis of the defense to this action and the motion for summary judgment, namely, that the dispute was actually settled and there is nothing to arbitrate.

## DISCUSSION

Both parties refer to what is popularly known as the *Steelworkers* trilogy—cases decided by the United States Supreme Court on the same day in 1960 and reported in volume 363 of the United States Reports at pages 564, 574, and 593, volume 80 of Supreme Court Reporter at pages 1343, 1347 and 1358, volume 4 of Lawyers' Edition at pages 1403, 1409 and 1424. The Fifth Circuit has summarized them as follows:

any district court of the United States having jurisdiction of the parties, without respect to the

The first principle established by the *Trilogy* is that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." ... Since parties may arbitrate only issues which they agree to arbitrate, there must be a forum that determines which issues the parties agreed to arbitrate. The second principle gleaned from the *Trilogy* is that the courts are the body which is to determine whether the parties agreed to arbitrate a particular grievance.... The third rule derived from the *Trilogy* limits the inquiry of the courts. The judiciary should not consider the merits of the claims submitted to arbitration.... The final principle establishes a presumption of arbitrability in that "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." ...

*Oil, Chemical and Atomic Workers' International Union, Local 4–447 v. Chevron Chemical Co.,* 815 F.2d 338, 340 (5th Cir.1987) (citations omitted). *See also Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Independent Truck Drivers Union, Local No. 1,* 611 F.2d 580, 583–84 (5th Cir.1980) ("If a party refuses to arbitrate a question, the crucial issue is whether the collective bargaining agreement requires it to do so.... In that event arbitrability is ordinarily a question of contract interpretation for the courts.... Even this issue may be submitted to binding arbitration, however, if there has been a clear demonstration that the parties contemplated it....") (citations omitted); *International Ladies' Garment Workers' Union, AFL–CIO v. Ashland Industries, Inc.,* 488 F.2d 641, 643 (5th Cir.), *cert. denied sub nom., Alfin v. International Ladies Garment Workers' Union,* 419 U.S. 840, 95 S.Ct. 71, 42 L.Ed.2d 68 (1974) ("[C]ourts are limited in their roles to ascertaining whether the

amount in controversy or without regard to the citizenship of the parties."

claims to be arbitrated are governed by the contract. . . .") (citation omitted); *Jacksonville Newspaper Printing Pressmen v. Florida Publishing Co.*, 468 F.2d 824, 826 (5th Cir.1972), *cert. denied*, 411 U.S. 906, 93 S.Ct. 1531, 36 L.Ed.2d 196 (1973) ("The only questions for the court are whether the parties have agreed to arbitration, and the scope of the arbitration clause."); *Lodge No. 12, District No. 37, International Association of Machinists v. Cameron Iron Works, Inc.*, 292 F.2d 112, 117 (5th Cir.), *cert. denied*, 368 U.S. 926, 82 S.Ct. 361, 7 L.Ed.2d 190 (1961) (discussing *Trilogy* ). The disagreement of the parties in the instant action is not so much the applicable principles, but how these principles should be applied. The challenge for the court is to decide what is material in this regard.

█ It is clear that the grievance of the underlying employee discharge itself is arbitrable. Of course, that stage was never reached. And, based on the conflicting evidence presented, there is certainly an issue of fact as to the settlement itself. Delta accurately characterizes the crucial issue as whether it is more appropriate for the court or an arbitrator to determine whether a settlement was reached between the parties. What this court cannot agree with is the characterization that the instant collective bargaining agreement involves a narrow arbitration clause which does not extend to the settlement aspect, thereby precluding arbitration.

Under Article V of the collective bargaining agreement, the grievance and arbitration procedures themselves are subject to arbitration. Barely acknowledging this, Delta proceeds to an alternative argument that UFCW has waived its right to arbitrate the *settlement*, primarily because the settlement should be the subject of another grievance which was not timely requested.

Whether either proposition is accurate is of no concern to the court, for it will be up to the panel to decide, among other things, if the grievance and settlement are separate matters or arise out of an identical set of facts; in addition, "[q]uestions of timeliness are ones of procedural, not substantive, arbitrability." *Oil Chemical and Atomic Workers' International Union, Local 4–447, supra*, 815 F.2d at 341. *Cf. Office and Professional Employees International Union, Local No. 9, AFL–CIO v. Allied Industrial Workers International Union*, 397 F.Supp. 688, 692 (E.D.Wis. 1975), *aff'd*, 535 F.2d 1257 (7th Cir.1976) ("In summary, plaintiff is entitled to have the arbitration board determine not only the substantive merits of the controversy over [the employee's] termination, but also whether there was a waiver of arbitration or a breach of any settlement agreement."; accompanying n. 2 distinguishes another case on basis that in that case parties had gone to arbitration *before* reaching settlement agreement).[2]

The sentiment expressed in the second of the *Steelworkers* trilogy, already alluded to, prevails here:

> Yet, to be consistent with congressional policy in favor of settlement of disputes by the parties through the machinery of arbitration, the judicial inquiry under § 301 [codified at 29 U.S.C. § 185] must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance or did agree to give the arbitrator power to make the award made. An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

> \*　　\*　　\*　　\*　　\*　　\*

2. Delta can take little comfort in the differences between the agreement here and in the Wisconsin case; while the arbitration provision there may be called more standard, the grievance procedures in both are subject to arbitration. Furthermore, the cases relied upon in Delta's brief more closely resemble the case found inapplicable by the Wisconsin district judge. And, in *Williams v. International Association of Machinists and Aerospace Workers*, 484 F.Supp. 917 (S.D.Fla.1978), *aff'd*, 617 F.2d 441 (5th Cir.), *cert. denied*, 449 U.S. 840, 101 S.Ct. 118, 66 L.Ed.2d 47 (1980), also cited by Delta, the settlement agreement actually referred a question to an arbiter, whose decision was to be final and binding. The employee was unsuccessful in setting aside the settlement agreement *after* the arbitrator adversely ruled on the grievance.

In the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail, particularly where, as here, the exclusion clause is vague and the arbitration clause quite broad. Since any attempt by a court to infer such a purpose necessarily comprehends the merits, the court should view with suspicion an attempt to persuade it to become entangled in the construction of the substantive provisions of a labor agreement, even through the back door of interpreting the arbitration clause, when the alternative is to utilize the services of an arbitrator.

363 U.S. at 582–83, 80 S.Ct. at 1353 (footnote omitted), 584–85, 80 S.Ct. at 1354. *See also Lodge No. 12, District No. 37, International Association of Machinists, supra,* 292 F.2d at 118 ("Similarly, as to the scope of the arbitration promise itself, the intention to exclude must be clearly expressed."). The present agreement does not contain such an express exclusion, and all matters surrounding this dispute (as contemplated by all provisions of the document), relative to the discharge and the settlement, should be decided by arbitration. For now, the court can only express its hope that some concrete resolution can be reached, with or without arbitration.

UFCW also requests Rule 11 sanctions against Delta. While this court is of the opinion that Delta's position does not prevail and the authority on which it relies is inapposite, it does not believe that the opposition (whether by formal answer or response to the motion for summary judgment) rises to the level of a Rule 11 violation.