LOCAL UNION NO. 4–243, Oil, Chemical, and Atomic Workers International Union, AFL–CIO, Plaintiff-Appellant,

v.

MOBIL OIL CORPORATION, Defendant-Appellee.

No. 77–1004
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 24, 1977.

James R. Watson, Jr., Houston, Tex., for plaintiff-appellant.

James W. Hambright, Beaumont, Tex., Charles C. Gray, Dallas, Tex., for defendant-appellee.

Before CLARK, GEE and FAY, Circuit Judges.

PER CURIAM:

This case grew out of a grievance procedure over an employee's medical condition which was submitted to arbitration. The district court refused to enforce an "award" of the arbitrator upon the grounds that (1) it was based on a medical opinion rendered in the absence of pertinent facts that had been concealed by the grievant; and (2) it

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

was premature and outside arbitration. We affirm.

A grievance was filed by the appellant union on behalf of an employee who had been terminated in 1972 by the appellee company for physical and psychiatric problems. The arbitrator to whom the matter was referred rendered an award on October 27, 1973, which held that the dispute involved a medical question, requiring a medical opinion which the arbitrator could not properly render. Accordingly, the arbitrator ordered the parties to follow the directions of the governing collective bargaining agreement which require that, in the event of disagreement between the company's physician and the employee's physician with regard to the employee's physical ability to perform his job, a third physician is to be selected. The article of the bargaining agreement also provides that the findings and opinions of the third physician shall be final and binding upon the company and the employee.

The parties selected a third physician to examine the employee and make a report of his findings. The third physician, in the absence of the employee's prior medical reports and on information supplied by the employee, found the employee to be normal. On the basis of this report, the arbitrator, on May 4, 1974, concluded that the employee was able to perform his duties and ordered that the employee be reinstated. The union sued to enforce this arbitration award. After a hearing, the district court found the award invalid, refused enforcement, and dismissed the action.

In the course of this hearing, the district court heard testimony from the third physician, which indicated that his diagnosis of normalcy had been made without benefit of significant prior history of the employee's condition and treatments. The court found that these omissions were attributable to the acts and omissions of the employee. From subsequent medical reports and testimony by the third physician based on complete information, the district court found:

> [The] final opinion of the third physician is that at all times material hereto Gerard has not possessed the physical condition and fitness for performing his regular job or any job to which he may be assigned during any period of employment at defendant's refinery.

The union assigns error in the dismissal of its suit to compel compliance with the May 4, 1974 arbitration award, the district court's consideration of the testimony of the third physician, and its finding that the employee had wilfully withheld his prior medical records. The union urges that the basis of these errors was the district court's improper factual resolution of the employee's medical condition which invaded the province of arbitration.

█ Whether there is anything to arbitrate poses a legal question for the court. *International Ladies' Garment Workers' Union, AFL–CIO v. Ashland Industries, Inc.*, 488 F.2d 641 (5th Cir. 1974). In its judicial ascertainment of this threshold problem, the court must not determine the merits of the asserted grievance. *Local Union No. 787, International Union of Electrical, Radio and Machine Workers, AFL–CIO v. Collins Radio Company*, 317 F.2d 214 (5th Cir. 1963); *International Ladies' Garment Workers' Union v. Ashland Industries, Inc.*, 488 F.2d 641 (5th Cir. 1974).

█ In making the determination that nothing remained for arbitration after the third physician's report was clarified, it was necessary for the district court to consider the background and setting of this dispute. That he did so, did not amount to a determination of the merits of the asserted grievance. The October 22, 1973 order of the arbitrator required the selection of a third physician. The bargaining agreement made that physician's report final and binding. Thus, when the district court found that these procedures had been followed and found that neither the union nor the employee involved had filed any grievance concerning the interpretation of the opinion of the third physician, the district court properly determined that nothing remained for arbitration even though the court also determined that the initial diagnosis was incomplete.

■ Had the parties been unable to choose a neutral doctor or had the chosen third physician ultimately found the employee capable of performing his job, further steps in the arbitration process would have been necessary. However, neither of these questions arose here. The third physician's clear and unequivocal final report that the employee did not possess the physical condition and fitness for performing his regular job or any other job to which he might be assigned during any period of employment at the company's refinery concluded the matter of arbitrability.

All other errors assigned are without merit.

The judgment of the district court is AFFIRMED.