CRESCENT CITY LODGE NO. 37, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO, Plaintiff-Appellant,

v.

BOLAND MARINE AND MANUFACTURING COMPANY, INC., Defendant-Appellee.

No. 77–1067.

United States Court of Appeals, Fifth Circuit.

March 26, 1979.

Louis L. Robein, Jr., C. Paul Barker, New Orleans, La., for plaintiff-appellant.

E. Fredrick Preis, Jr., Samuel Lang, New Orleans, La., for defendant-appellee.

Before WISDOM, COLEMAN and RONEY, Circuit Judges.

COLEMAN, Circuit Judge.

Appellant, Crescent City Lodge No. 37 of the International Association of Machinists and Aerospace Workers, AFL–CIO (the Union), brought suit in District Court in an effort to compel Boland Marine and Manufacturing Company, Inc. (the Company) to arbitrate a grievance under the provisions of a collective bargaining agreement. Jurisdiction was based on § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).[1] The District Court refused to compel arbitration of union steward George Klein's preferential overtime claim. Appellant argues that this ruling should be reversed, asserting that Klein's right to arbitration of his claim was not precluded by the refusal of the National Labor Relations Board (NLRB) to issue a complaint in an unfair labor practice charge involving a legal issue pertinent to his claim. We agree with the appellant.

Appellant Klein has been an outside Machinist for twenty-eight years and has served as an outside steward for the Union for three and a half years. On May 6, 1975, Klein was informed that he would be transferred to the Company's Machine Shops as an inside Machinist Benchman. Following this action, the Union, on behalf of Klein, filed grievances for arbitration relating to the transfer. A hearing was conducted on June 19, 1975, and the arbitrator issued an opinion on two grievances on September 16, 1975.

After this decision was rendered, the Union complained that Klein's claim for overtime, based on the stewards preference clause of the contract, had not been disposed of. In a supplemental decision of September 29, 1975, the arbitrator explained that the stewards preference clause requires that a steward be "competent to perform the work" and that because the record was devoid of evidence that Klein was competent to perform overtime assignments following his transfer to the inside job, he could not rule on the overtime claim. He concluded his opinion by stating that Klein was entitled to have this claim resolved through arbitration and his "right to assert his overtime claim in a future proceeding is preserved and is maintained without prejudice."

After receiving this supplemental decision, the Union requested of the Company that the overtime claim be submitted to arbitration. The Company refused to do so.

On February 26, 1976, the appellant Union and another New Orleans labor organization, International Brotherhood of Boilermakers, Local 37, filed a joint unfair labor practice charge with the Fifteenth Region of the NLRB against Boland Marine, alleging violation of § 8(a)(5) of the National Labor Relations Act. The basis of the charge was the Company's refusal to honor

---

1. 29 U.S.C. § 185

 (a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

a stewards preference clause in the bargaining agreements between the Company and the Unions. This same clause was the basis of the Klein grievance, which at the time of the filing of the NLRB charge had not been submitted by the parties to arbitration.

On April 26, 1976, following a month-long investigation, the NLRB Regional Director of the Fifteenth Regional office in New Orleans informed the charging party unions that a complaint would not be issued in the matter, because "[t]he Employer's action in ceasing to honor the super-seniority clause is lawful, in view of *Dairylea Cooperative, Inc.*, 219 NLRB [656]. . . . " In *Dairylea* the Labor Board held super seniority clauses to be presumptively unlawful where not limited on their face to lay off and recall and placed the burden of rebutting that presumption on the party asserting the clause's legality.

Sometime thereafter the NLRB's General Counsel informed the Union that it would not consider the appeal of this matter;[2] therefore, the Regional Director's ruling stood.

The Union then renewed its demand for arbitration of the Klein grievance, filing suit under § 301 of 29 U.S.C. § 185 on September 21, 1976, seeking an order to compel the Company to arbitrate the grievance. The Company filed a motion to dismiss, and then the Union filed a motion for summary judgment.

On December 8, 1976, a hearing on these motions was held, and the District Judge granted the Company's motion to dismiss, explaining that he was bound by the Labor Board finding that the stewards preference clause was no longer enforceable.

On appeal the Union argues that the refusal by the NLRB to issue a complaint in the unfair labor practice charge is not a bar to the arbitration of Klein's collective bargaining agreement grievance, which was submitted by the Union prior to the filing of the § 301 charge, despite the similarity of the legal issues associated with the grievance and the unfair labor practice charge. It is important to note that this is not a question of whether to order the enforcement of an arbitrator's award; instead it is a question of whether or not to require arbitration at all.

The Company cites in its brief numerous cases indicating that the Labor Board's decision has precedence over an arbitrator's ruling, but those cases involve situations in which an arbitrator's decision has already been made and is found to be in conflict with the Board's decision.

In the celebrated "Steelworkers trilogy" the Supreme Court delineated the proper approach for the courts in an arbitration matter. *United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America, AFL–CIO v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). We have noted that these cases establish the following broad guidelines which should be applied in making a judicial determination of whether a labor agreement requires arbitration:

(1) Arbitration is desirable and should be encouraged;

(2) the duty to utilize arbitration depends on the labor contract;

(3) where the clause is a broad one as we have here, i. e., ". . . any dispute about the proper application of meaning of the contract, . . . ", then the parties have manifested a clear desire to utilize the process; and

(4) although matters may be excluded from arbitration, such exclusions should be clear and explicit.

*Oil, Chemical & Atomic Workers International Union v. Southern Union Gas Co.*, 5 Cir. 1967, 379 F.2d 774, 776, citing *Local Union No. 787, Int'l Union of Elec., Radio and Machine Workers v. Collins Radio Co.*, 5 Cir. 1963, 317 F.2d 214.

---

**2.** The General Counsel refused to hear the appeal because it was filed a day late. At oral argument the attorney for the Union explained that the delay was not a matter of strategy, but simply a mistake on his part.

Although the question of arbitrability is one for judicial determination, this Court has frequently pointed out that we must resist the temptation, in ruling on this threshold issue, of making a decision on the merits of the case. We must not go "beyond deciding whether the agreement, on its face, [makes] the claim asserted arbitrable." *Southern Union, supra*; *see also, Communication Workers of America v. Southwestern Bell Telephone Co.*, 5 Cir. 1969, 415 F.2d 35, 38; *International Ladies' Garment Workers' Union v. Ashland Industries, Inc.*, 5 Cir. 1974, 488 F.2d 641, 643, cert. denied, 419 U.S. 840, 95 S.Ct. 71, 42 L.Ed.2d 68; *Local Union No. 4–243, Etc. v. Mobile Oil Corp.*, 5 Cir. 1977, 558 F.2d 233, 234.

In this case the Company argues that because the Labor Board, in refusing to issue an unfair labor practice complaint against the Company, said that the stewards preference clause of the contract could not be enforced in view of the *Dairylea* decision, Klein's grievance based on that clause is not arbitrable. The Supreme Court specifically rejected this sort of argument in the first case of the Steelworkers trilogy.

In *International Association of Machinists v. Cutler-Hammer, Inc.*, 271 App.Div. 917, 67 N.Y.S.2d 317, aff'd 297 N.Y. 519, 74 N.E.2d 464, a New York court had held that " '[i]f the meaning of the provision of the contract sought to be arbitrated is beyond dispute, there cannot be anything to arbitrate and the contract cannot be said to provide for arbitration.' " 363 U.S. at 567, 80 S.Ct. at 1346, *citing* 271 App.Div. at 918, 67 N.Y.S.2d at 318. In rejecting this ruling, the Supreme Court said that allowing the courts to rule on grievances in this manner would have "a crippling effect on grievance arbitration." 363 U.S. at 566, 80 S.Ct. at 1346.

Therefore, it is not for this Court to look at what the outcome of arbitration of Klein's grievance might be in view of the NLRB's decision; our duty is simply to look at the labor agreement and determine whether this is the sort of question which is covered by the arbitration. The grievance procedure section of the contract between Boland Marine and the Union calls for arbitration on "matters concerned with the interpretation and application of the language of this agreement." This broad arbitration clause clearly indicates to this Court a desire by the parties to use the arbitration process. Klein's grievance is based on the stewards preference clause in the labor contract; therefore, an arbitrator should be allowed to interpret the application of the clause to Klein's particular situation.

In two cases in which employers asserted the refusal of the NLRB Regional Director to issue a complaint as a bar to compelling arbitration, the Second Circuit has held as we do. In *Luckenbach Overseas Corp. v. Curran*, 2 Cir. 1968, 398 F.2d 403, the court stated that the decision by the Regional Director not to issue an unfair labor practice complaint (which was sought by the Union) and its affirmance by the NLRB's General Counsel "do not foreclose the possibility that [the Union] may have rights and remedies under the collective bargaining agreement. . . . and it is conceivable . . . that the arbitrator could fashion a remedy under the contract which would not conflict with the Board policy or the Regional Director's decision." 398 F.2d at 406. Similarly, in *International Union of Electrical, Radio & Machine Workers, AFL–CIO v. General Electric Co.*, 2 Cir. 1968, 407 F.2d 253, the court held that the refusal of the Regional Director to issue a complaint was not "a binding determination of the dispute [which would preclude] the Union from seeking relief through arbitration." 407 F.2d at 264, *citing United Steelworkers v. American International Aluminum Corp.*, 5 Cir. 1964, 334 F.2d 147, 152–153, cert. denied, 379 U.S. 991, 85 S.Ct. 702, 13 L.Ed.2d 611 (1965).

In holding that Boland Marine should be compelled to arbitrate the Klein grievance, we note the following statement made at the conclusion of *United Gypsum Co. v. United Steelworkers of America*, 5 Cir. 1967, 384 F.2d 38, cert. denied, 389 U.S. 1042, 88 S.Ct. 783, 19 L.Ed.2d 832 (1968), after the court had determined that the grievances in question were arbitrable:

Additionally, where unusual situations are presented involving possible clashes between arbitral and Board determinations, between policies for arbitration and for authoritative administrative disposition, the determination that each grievance is arbitral is that and nothing more. Such pronouncement does not begin to put an advance Court imprimatur on the award. That can await enforcement. "We make doubly plain that this opinion in no way indicates what, if any, decision an arbitrator should or must make. We hold merely that he should determine the grievance. Whether the decision or the remedy prescribed is, or is not, supportable is for another day." *International Ass'n of Machinists v. Hayes Corp.*, supra, 296 F.2d [238] at 244. And for all we know this might wash out. Cf. *Byers v. Byers*, 5 Cir., 1958, 254 F.2d 205; *City of Houston v. Standard-Triumph Motor Co.*, 5 Cir., 1965, 347 F.2d 194.

384 F.2d at 49.

We reverse the District Court and direct that the grievance be submitted to arbitration.

Reversed and Remanded for further proceedings not inconsistent herewith.

Reversed and Remanded.