Larry L. FOSTER, Plaintiff-Appellee,

v.

UNITED STEELWORKERS OF AMERI-CA, LOCAL UNION NO. 13600, Defendant-Appellant.

No. 83–7274.

United States Court of Appeals, Eleventh Circuit.

Feb. 11, 1985.

Robert H. Stropp, Jr., Birmingham, Ala., for United Steelworkers Union.

John F. Kizer, Jr., Birmingham, Ala., for plaintiff-appellee.

Before GODBOLD, Chief Judge, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

The plaintiff in this case, a truckdriver, was terminated by his employer after refusing to ride with another driver whom he considered to be unsafe. The union led him to believe that he could be reinstated after a discharge under those circumstances and began arbitration of the dispute but did not pursue it to the end. Foster then filed this "hybrid 301" suit against the employer (for breach of the collective bargaining agreement) and the union (for breach of its duty of fair representation).

After the plaintiff had presented his evidence in a bench trial before the district court, both the employer and the union moved for an involuntary dismissal of the case under Fed.R.Civ.P. 41(b): the court denied the union's motion but dismissed the action against the employer except for a requirement that the employer arbitrate the dispute. The union presented its defense and the court held in favor of the plaintiff, finding that the union had breached its duty of fair representation. It ordered the union to proceed with arbitration and to pay Foster's attorneys' fees. Both the union and the employer filed appeal but the employer later withdrew its appeal; Foster himself never appealed any aspect of the order entered under Rule 41(b) by the trial court.

■ An appellate court may properly carry out its reviewing functions only when it is presented with an unambiguous order from the court below. Just as a judgment must be vacated and remanded in some instances when the district court has made inadequate findings of fact, *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126 (11th Cir.1984), the same holds true in some cases where the validity of a final order depends upon which of two grounds was relied upon by the lower court in resolving a subsidiary issue. If the record contains hopelessly conflicting signals regarding the court's reasoning, proper appellate review may be impossible and remand becomes necessary. *Cf. Green v. Department of Commerce*, 618 F.2d 836 (D.C.Cir.1980); *International Ladies' Garment Workers' Union, AFL–CIO v. Ashland Industries, Inc.*, 488 F.2d 641 (5th Cir.) *cert. denied*, 419 U.S. 840, 95 S.Ct. 71, 42 L.Ed.2d 68 (1974).

■ The order in this case presents such obstacles to proper appellate review. Recovery against a union in a hybrid 301 suit is possible only when the plaintiff has demonstrated a violation of the collective bargaining agreement by the employer as well as a breach of duty by the union. *DelCostello .v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Hence, the exact nature of the order under Rule 41(b) will be crucial in understanding the judgment against the union. Yet it is impossible to tell from the record submitted in this case whether the order under Rule 41(b) actually constituted a dismissal of the claim against the employer or, assuming it was a dismissal, the grounds upon which it was based.

■ The court's Rule 41(b) order purported to dismiss the employer "with prejudice, except as to the arbitration proceeding." It is difficult to characterize this order as a dismissal because it provides for relief against the employer, the same as the relief ultimately provided to Foster against the union. If the order is viewed as a partial dismissal of all claims for relief other than arbitration, then the parties should have continued to litigate the issue of arbitration. We cannot say whether or to what extent this order dismisses the employer from the suit.

■ Nor, assuming the order was truly a dismissal, can we ascertain the grounds for the order. In granting the order, the court stated that Foster had failed to meet his burden of proving that the employer had breached its contract; later on in its writ-

ten order against the union, the court explained its earlier ruling under Rule 41(b) by stating that the pendency of an arbitration proceeding precluded any relief against the employer. The latter reason is, of course, an erroneous one because a court has the power to hear a claim based on a collective bargaining agreement even if arbitration has not been completed. *Vaca v. Sipes*, 386 U.S. 171, 196, 87 S.Ct. 903, 919, 17 L.Ed.2d 842 (1967). Yet we cannot determine whether the trial court entered its order under Rule 41(b) because of a failure to exhaust contractual remedies or a failure to prove a violation of the collective bargaining agreement. Proper review of the trial court's decision in this case cannot take place in the absence of further proceedings.

We therefore vacate the judgment of the district court and remand for further proceedings; these proceedings are to include a determination of the nature and extent of the order under Rule 41(b) and findings as to whether there was a breach of the collective bargaining agreement.

VACATED and REMANDED.